### W. P. Nicks v. J. R. Curl et al.

Decided March 15, 1905.

**1.—Election—Vacancy—Term of Office.**

One appointed by the Governor to fill the vacancy caused by the death of a district judge, and elected to the same position at the first general election following, held office by virtue of such election only till the expiration of the term of the deceased judge.

Appeal from the District Court of Travis County. Tried below before Hon. Geo. Calhoun.

*A. T. Watts, F. J. Duff, J. F. Lanier* and *L. F. Chester,* for appellant.—The court erred in its conclusions of law and the judgment rendered thereon against this plaintiff, for that the undisputed evidence and conclusions of fact found by the court show that this plaintiff was duly elected the district judge for the First Judicial District at the general election in November, 1902, and that, therefore, his term of office

was for the period of four years from said date, and not for the unexpired term of two years, as held and adjudged by the court. Const., art. 5, secs. 2, 4, 7, 28; Shelby v. Johnson, Dallam, 597; Banton v. Wilson, 4 Texas, 400; Carolan v. McDonald, 15 Texas, 327; People v. Weller, 11 Cal., 77; People v. Burbank, 12 Cal., 378; Meredith, Ex parte, 33 Gratt., 119; Sanbury v. Middleton, 11 Md., 316; State v. Johns, 3 Ore., 538; State v. Wentworth, 55 Kan., 305.

*D. W. Doom* and *D. H. Doom,* for appellee W. B. Powell.—West having been elected district judge for the First Judicial District at the general election in November, A. D. 1900, for the term of four years, when he died on the 8th day of June, A. D. 1902, there was a vacancy in said office for the unexpired part of said four years' term, which was properly filled by the Governor by the appointment of appellant Nicks until the next general election, and by the election of the said Nicks at the next general election in November, A. D. 1902, and said term being about to expire, the defendant Powell was duly and constitutionally elected to said office at the general election held in November, A. D. 1904, and is entitled thereto. Const., art. 3, sec. 13; art. 4, sec. 12; art. 5, secs. 2, 4, 6, 28; art. 16, sec. 27; Wright v. Adams, 45 Texas, 134; Royston v. Griffin, 42 Texas, 566; Hunt v. State, 7 Texas Crim. App., 212, and see the opinion, page 231; Story on the Constitution, sec. 451; Cooley's Constitutional Lim. (7th ed.), pp. 92 and 102; Tolleson v. Rogan, 96 Texas, 424.

*R. V. Davidson,* Attorney-General, and *T. S. Reese,* Assistant, for appellee J. R. Curl, Secretary of State.—The District Court has no jurisdiction by writ of injunction, or otherwise, to control the Secretary of State in his official action, and the injunction, as to him, was properly dissolved by the District Court, regardless of the merits of the controversy as between appellant Nicks and appellee Powell. Const., art. 4, sec. 1; art. 2, sec. 1; Bledsoe v. International Ry. Co., 40 Texas, 537; Galveston, B. & C. N. G. Ry. Co. v. Gross, 47 Texas, 428; dissenting opinion of Roberts, Chief Justice, in Kuechler v. Wright, 40 Texas, 647; Thomson v. Baker, 90 Texas, 169.

FISHER, CHIEF JUSTICE.—This is a suit involving the right to the office of district judge for the First Judicial District of the State of Texas. On the 16th day of December, 1904, appellant W. P. Nicks filed his petition in the District Court of Travis County, Texas, Fifty-third Judicial District, against J. R. Curl, as Secretary of State for the State of Texas, and W. B. Powell, a resident and citizen of Jasper County, Texas, alleging substantially that, at the general election in November, 1900, Stephen P. West was duly and legally elected to the office of district judge for the First Judicial District of Texas, and that soon thereafter he duly qualified and was commissioned as such district judge by the Governor, and held said office and performed the duties appertaining thereto until, to wit, the 8th day of June, 1902, at which time he departed this life, thereby creating a vacancy in said office, and that, to wit, the —— day of June, 1902, appellant Nicks was duly appointed by the Governor to fill said vacancy, and that he duly qualified

and was commissioned by the Governor, and he at once assumed said office of district judge and performed the duties thereof. That at the general election held on the Tuesday after the first Monday in November, 1902, appellant Nicks was duly and legally elected the district judge of said First Judicial District, and thereafter duly qualified as such district judge, and was duly and legally commissioned as such. That said election was for the full period of four years from said election, and that from thence, and continuously to this time, the appellant has held said office and performed the duties thereof, and still so holds said office, and is performing the duties thereof, and at the time aforesaid, and now, appellant possessed, and now possesses, all the qualifications prescribed by the Constitution for holding the office of district judge, and that said office is of the value of $2,500 per annum.

That said district is composed of the counties of Tyler, Jasper, Newton and Orange. That the defendant W. B. Powell is a citizen of said district, and possesses all the qualifications prescribed by the Constitution for the holding of said office. That appellee J. R. Curl is the duly appointed, qualified and acting Secretary of State of the State of Texas, and resides in said Travis County.

That notwithstanding appellant was elected in November, 1902, at a general election, for the period of four years, as provided by the Constitution, and notwithstanding there was no vacancy in said office of district judge at the general election held in the State of Texas on the 8th day of November, 1904, the Governor of Texas included in his proclamation for said election the election of a candidate to the said office of district judge for said district. That for said election of November 8, 1904, no nomination was made in the primary election for said office, and no name for said office was printed on the ballots used at said election, but, after the issuance of the said proclamation by the Governor, appellant and appellee Powell became opposing candidates for said office of district judge, and at the said election some of the voters wrote the name of either appellant or appellee Powell on said ballots, and that appellee Powell received a majority of such votes so cast thereat for said office.

That there was no vacancy in said office to be filled at said general election held the 8th day of November, 1904, and that all the proceedings had at and prior to said election, with reference to the election of district judge for said judicial district, including that portion of the Governors' proclamation providing for such election of said district judge, the casting and receiving votes therefor, the counting of such votes, and the return thereof to the Secretary of State, and any and every act and thing had and done with reference to such election of said district judge was and is utterly void, and without authority of law. That notwithstanding all of which, if not restrained, the said Curl, as Secretary of State of the State of Texas, will, on or about the 19th day of December, 1904, count said vote for said office cast at said election on November 8, 1904, and will issue a certificate of election for said office to said W. B. Powell, and said Powell thereupon will pretend to qualify for said office, procure his commission from the Governor, and will undertake, by virtue thereof, to usurp said office and assume the duties thereof, ejecting said Nicks therefrom, to his irreparable injury and damage.

The prayer was for the issuance of a writ of injunction against said Curl, restraining him from counting said vote and issuing a certificate of election or notification to said Powell, and restraining said Powell from in any manner undertaking to qualify or assume the duties of said office, and from attempting to discharge the duties thereof, and that upon the trial the injunction be perpetuated, for all costs of suit, and general relief.

On December 15, 1904, said petition was presented to the Hon. W. H. Pope, judge of the District Court of the Fifty-eighth Judicial District, and by his fiat the preliminary writ of injunction, as prayed for, was granted, and made returnable before the Hon. Geo. Calhoun, judge of the District Court of Travis County.

On December 23, 1904, appellee Curl filed his motion to dissolve said injunction; also, by answer filed the same day, consisting of general demurrer, special exceptions and general denial, all predicated on the claim that said Curl, being the head of a department of the State government, was not subject to injunction when in the discharge of his official duty.

On the same day the said Powell filed his motion to dissolve said injunction, also his answer, consisting of a general demurrer and special exceptions and general denial, etc. Also, cross-action for the salary of the office, and praying judgment accordingly, all predicated upon the proposition that the election of the appellant Nicks, at the general election in November, 1902, was for the term of two years, and not for the period of four years, as claimed by them.

On the 9th day of January, 1905, the case was tried by the court without a jury, the entire case being submitted to the court upon an agreed statement of facts, and the court having taken the case under consideration, afterwards, on, to wit, the 17th day of January, 1905, filed his conclusions of fact and law. And on the same day made and caused to be entered a judgment and decree dissolving the writ of injunction, both as to said Curl and Powell, and that said Nicks take nothing by his suit against Curl and Powell, and that they recover costs of suit against him. To all of which said Nicks excepted and, in open court, gave notice of appeal. The above is a copy of the statement made in appellant's brief.

The findings of fact and conclusions of law of the trial court are as follows:

"1.—That the plaintiff W. P. Nicks is, and was at the times hereinafter specified, a citizen of the United States of America, and of the State of Texas, and is and was at the said dates a resident citizen of Tyler County, said State, same being one of the counties composing the First Judicial District of Texas, and that the said district is composed of the counties of Tyler, Jasper, Newton and Orange; that he is, and at the times hereinafter specified was, a duly licensed and practicing attorney-at-law under the Constitution and laws of the State of Texas, and had been such licensed and practicing attorney-at-law for more than four years next prior to the dates herein specified, and at the said dates, and now, possesses all of the qualifications prescribed by the Constitution and laws of Texas for district judge in said State.

"2.—That the defendant W. B. Powell is a citizen of the United

States of America and the State of Texas, and resides in Jasper County, in the said First Judicial District of Texas, and has resided therein for more than two years prior to the dates hereinafter specified, and is also a duly licensed and practicing attorney-at-law under the Constitution and laws of Texas, and has been such licensed and practicing attorney-at-law for more than four years next preceding all of the dates hereinafter specified, and, in short, possesses all of the qualifications under the Constitution and laws of Texas to fill the office of district judge in said State.

"3.—That the defendant J. R. Curl is the duly appointed, qualified and acting Secretary of State of the State of Texas, and resides in the county of Travis in the State of Texas.

"4.—That, at the regular general election held throughout the State of Texas in November, 1900, Stephen P. West, a resident citizen of Tyler County, in said First Judicial District, possessing all qualifications under the Constitution and laws of said State, was duly and regularly elected for the full term of four years to the office of district judge of said First Judicial District, was duly so declared, qualified and commissioned as such judge by the Governor of said State, and promptly entered upon the duties of said office, and continued to discharge the same until his death on, to wit, the 8th day of June, A. D. 1902.

"5.—That upon the death of said Stephen P. West, on, to wit, the —— day of June, 1902, the plaintiff W. P. Nicks was by the Governor of Texas duly appointed and commissioned to the office of district judge of the said district, and duly qualified, and assumed the duties of said office, and held and discharged the same under said appointment and commission until the regular general election held throughout the State of Texas in November, 1902, when he was elected to said office of district judge for said judicial district, and in due time thereafter received his certificate of election to said office and qualified thereunder, as provided by law, and received from the Governor of said State of Texas his commission as said district judge, as provided by law, and that the value of said office is $2,500 per annum.

"6.—At the regular general election held throughout the State of Texas on the 8th day of November, A. D. 1904, the Governor of Texas included in his proclamation for said election the election of a candidate to the office of district judge for said First Judicial District, and that for said election no nomination was made in the primary elections held in said First Judicial District for said office, and no name for said office was printed on the ballots used at the said election, but plaintiff and defendant W. B. Powell became opposing candidates for said office of district judge in said judicial district, and at said election the voters wrote the name of either the plaintiff or defendant Powell on the ballots, and defendant W. B. Powell received a majority of all the votes cast at said election for said office.

"7.—That on the 24th day of April, A. D. 1888, the Hon. James S. Hogg, the then Attorney-General of Texas, being requested by Hon. L. S. Ross, Governor of said State, rendered an opinion and advised the said Governor in the case of three district judges in the same situation in which the plaintiff W. P. Nicks was placed prior to the said election on

the 8th day of November, A. D. 1904, under the provisions of section 28 of article 5 of the Constitution of Texas, and section 27 of article 16 of the Constitution, that such district judges of Texas could not hold over beyond the unexpired terms of their predecessors in office, and the three said district judges acquiesced in the said construction, and said construction has since been adhered to by all the Governors and executive officers of the State, and acquiesced in by all the district judges similarly situated, and that there have been two other opinions of two other different Attorneys-General, to other Governors, since that time, giving the same opinion and advice.

"8.—That at the said election on the 8th day of November, A. D. 1904, there were elections of several district judges in the State where the incumbents of the office were in the same situation as the said plaintiff W. P. Nicks, and that in some judicial districts nominations were made by political parties, and in others none made.

"9.—That if the construction placed upon the different articles of the Constitution by the Attorneys-General and executive officers of the State is correct, then the said defendant W. B. Powell was elected to said office at said election held on the 8th day of November, A. D. 1904, and is entitled thereto, and would have received his certificate of election and duly qualified on the 31st day of December, A. D. 1904, had it not been for the injunction applied for, issued and served in this case, and that the injunction bond given by the said plaintiff to secure the issuance of the said injunction is in evidence, and upon which D. Mc-Micken and S. H. Reid are sureties, said bond being in the sum of one thousand dollars.

"*Conclusions of Law.*—1. It appears, from the allegations of the plaintiff's petition, the order of the honorable District Judge granting said injunction, the writ of injunction issued thereunder, and the agreed statement of facts, that the sole purpose of this suit, insofar as it affects the defendant Curl, is to enjoin and thereby restrain and control the said defendant in the performance of an official duty imposed upon him by the Constitution and laws of Texas as Secretary of State. Upon this issue, I conclude, as a matter of law, that, while the District Courts of this state might, in a proper case, where the acts committed or threatened were without and in excess of lawful authority by the Secretary of State, have authority to enjoin the said Secretary from the doing of said act or acts which were without authority of law, there is no jurisdiction, power or authority under the Constitution and laws of this State given to the District Courts of the State to interfere with or control the said Secretary of State, as one of the executive departments of the State of Texas, in the performance of an official act and duty imposed upon him by the Constitution and laws as Secretary of State, as in this case.

"2.—The agreed statement of facts in this case shows that Hon. Stephen P. West was elected at a regular election held on the first Tuesday in November, 1900, judge of the First Judicial District of the State of Texas for the constitutional term of four years, and duly qualified as such district judge for said term of four years, and afterwards, to wit, on the 8th day of June, 1902, died, while holding said office; that the Governor filled the vacancy in said office by appointing the

plaintiff herein as judge of said district until the next general election, to wit, the first Tuesday in November, 1902, and that the plaintiff was then elected to said office. The question at issue on these facts is, whether, at the general election in 1902, the plaintiff herein was elected for the full constitutional term of four years, or whether he was elected to further fill the vacancy in the unexpired term of Judge West.

"Section 28 of article 5 of the State Constitution provides that 'Vacancies in the office of judges of the District Courts shall be filled by the Governor until the next succeeding general election.'

"Section 27 of article 16 of the State Constitution provides that 'In all elections to fill vacancies of office in this State, it shall be to fill the unexpired term only.'

"Construing the above two provisions of the Constitution together, I hold, as a conclusion of law, that plaintiff herein was elected at the said general election in November, 1902, to further fill the vacancy in said office, and that he was elected to fill only the unexpired term of Judge West—that is, until the general election in November, 1904, when Judge West's term would have expired—and that the Governor was authorized to order an election to be held for the office of district judge of said district on the first Tuesday after the first Monday in November, 1904, and that said election so ordered was by authority of law.

"It not appearing to the court that any salary has been collected by the plaintiff for any time since December 31, 1904, as district judge of the First Judicial District of Texas, no judgment could be rendered herein against the plaintiff except for costs.

"The temporary injunction heretofore granted is dissolved, and judgment herein rendered for the defendants."

It is unnecessary for us to express any opinion upon the question passed upon by the trial court in his first conclusion of law.

We approve the conclusion reached by the trial court in his second conclusion of law, and are of the opinion that the trial court properly interpreted the provision of the Constitution bearing upon the questions passed upon. Therefore the judgment of the court is affirmed.

*Affirmed.*

Writ of error refused.